UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES D. MATTINGLY,

Plaintiffs,

-v-

CITI BANK, N.A., et al.,

Defendants.

CIVIL ACTION NO.: 25 Civ. 7745 (DEH) (SLC)

**REPORT & RECOMMENDATION**

**SARAH L. CAVE,** United States Magistrate Judge.

**TO THE HONORABLE DALE E. HO**, United States District Judge:

## I. BACKGROUND

On September 17, 2025, pro se Plaintiff Charles D. Mattingly ("Mr. Mattingly") commenced this action against Defendants Cares Capital ("Cares"), Avi Cohen, and David Levy (together, the "Initial Defendants"). (Dkt. No. 1 (the "Complaint")). The Court construes Mr. Mattingly to be asserting claims for breach of contract and common law fraud.[1] (Dkt. No. 1 at 1).

On December 11, 2025, the Court directed Mr. Mattingly to serve the summons and Complaint within ninety days of the issuance of the summons by the Clerk of Court. (Dkt. No. 7 at 1 (the "Dec. 11 Order")). The Dec. 11 Order cautioned Mr. Mattingly that the failure to effect service on the Initial Defendants could result in the Court dismissing his "claims. . . under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute." (Id.) The Dec. 11 Order also provided Mr. Mattingly with a form to allow him to consent to electronic service (the

[1] Mr. Mattingly also requested to "file a criminal complaint" against the Initial Defendants. (Dkt. No. 1 at 1).

"Consent Form"), and notified him that if he "consents to receive documents by email, [he] will no longer receive court documents by regular mail." (Id. at 2 & n.2).

On December 12, 2025, Mr. Mattingly filed the Consent Form and affirmed that he: (1) "ha[s] regular access to [his] e-mail account and to the internet"; (2) would "check regularly for Notices of Electronic Filing"; (3) would "promptly notify the Court if there is any change in [his] personal data, such as name, address, or e-mail address"; and (4) "understand[s] that [he] must regularly review the docket sheet of [his] case so that [he] do[es] not miss a filing." (Dkt. No. 8).

On October 8, 2025, before serving the Complaint, Mr. Mattingly filed an Amended Complaint (Dkt. No. 4), and again on February 26, 2026, before serving the Complaint or the Amended Complaint, Mr. Mattingly filed another Amended Complaint, adding American Jet Financial ("American") as a Defendant. (Dkt. No. 13 (the "FAC")). On February 27, 2026, the Court deemed the FAC as the operative pleading and ordered that the Clerk of Court issue a summons to the Initial Defendants and American. (Dkt. No. 14 (the "Feb. 27 Order")). The Feb. 27 Order advised Mr. Mattingly that if he either failed to serve the FAC within 90 days or failed to request an extension of time to do so, the Court could dismiss his claims pursuant to Rule 4 and 41 for failure to prosecute. (Id.)

On April 2, 2026, before serving the FAC, Mr. Mattingly filed yet another amended complaint. (Dkt. No. 16 (the "SAC")). The Court treated Mr. Mattingly's filing of the SAC as a motion seeking leave to file the SAC, which the Court denied. (Dkt. No. 17). The FAC, therefore, remained the operative pleading. (Id.)

On April 7, 2026, Mr. Mattingly filed another "Second Amended Complaint," which was in fact his fourth pleading, adding Citi Bank N.A. ("Citi Bank", together with American and the Initial

Defendants, "Defendants") as a Defendant. (Dkt. No. 18 (the "TAC")). On April 9, 2026, the Court deemed the TAC be the operative pleading and ordered Mr. Mattingly to serve the TAC on all Defendants by July 7, 2026. (Dkt. No. 19 (the "Apr. 9 Order")). The Apr. 9 Order warned Mr. Mattingly that if he "fail[ed] to serve Defendants by July 7, 2026, the Court may dismiss the claims against Defendants under [Rules] 4 and 41 for failure to prosecute." (Id.)

On June 5, 2026, Mr. Mattingly filed two affirmations showing that he attempted service on Cares and American at incorrect addresses, without success. (Dkt. Nos. 22–23 (the "June 5 Affirmations")). On July 9, 2026, because Mr. Mattingly had not filed the required proof of service on American or the Initial Defendants, the Court sua sponte extended to July 23, 2026 his time to file proof of service of the summons and the Fourth AC. (Dkt. No. 25 (the "July 9 Order")). The July 9 Order also warned Mr. Mattingly that his failure to file proof of service "may result in the undersigned recommending that the Court dismiss" Mr. Mattingly's claims against American and the Initial Defendants. (Id.)

Separately, Mr. Mattingly filed an affirmation of service showing that he served a "Amended Complaint" and a "Second Amended Complaint" on Citi Bank on May 20, 2026. (Dkt. No. 21 (the "May 20 Affirmation")). The May 20 Affirmation does not indicate, however, whether Mr. Mattingly served the TAC (Dkt. No. 18), which the Court deemed the operative pleading (Dkt. No. 19), on Citi Bank. (See Dkt. No. 21). On July 15, 2026, the Court ordered Mr. Mattingly to file, by July 22, 2026, a letter (the "Letter") confirming whether he served Citi Bank was served with the TAC, the operative pleading, and, if not, file proof of service.[2] (Dkt. No. 26

[2] Due to inconsistencies in the email addresses in Mr. Mattingly's filings, the July 15 Order directed Mr. Mattingly in the Letter to "provide the email address by which he receives electronic communications."

(the July 15 Order)). Instead, Mr. Mattingly refiled the May 20 Affirmation (Dkt. No. 27), which, as noted above, does not clarify whether Mr. Mattingly served Citi Bank with the TAC. (Dkt. Nos. 21, 27; see Dkt. No. 26).

On July 27, 2026, after Mr. Mattingly failed to file either the Letter or proof of service on any of the Defendants, the Court "[a]s a final courtesy" sua sponte extended his deadline to August 10, 2026 to file both the proof of service of the summons and the TAC on American and American, as well as file the Letter. (Dkt. No. 28 (the "July 27 Order")). The July 27 Order warned Mr. Mattingly that the failure to either file the Letter or the requisite proof of service "by **August 10, 2026** may result in the undersigned recommending that the Court dismiss Mr. Mattingly's claims against the Defendants for failure to prosecute." (Id.)

To date, other than refiling the May 20 Affirmation (Dkt. No. 27), Mr. Mattingly has not responded to the Apr. 9, July 9, July 15, or July 27 Orders, and has not communicated with the Court since he filed the June 5, 2026 Affirmations. (See Dkt. Nos. 19; 22–23; 25–26; 28).

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss a plaintiff's claims sua sponte for failure to prosecute after notifying the plaintiff. See Murray v. Smythe, No. 18 Civ. 4705 (KMK), 2020 WL 4482644, at *2 (S.D.N.Y. Aug. 3, 2020) ("A district court has the inherent authority to dismiss for failure to prosecute sua sponte.") (citing LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d. 206, 209 (2d Cir. 2001)); Fed. R. Civ. P. 41(b).[3] The Court must consider the

(Dkt. No. 26 at 2). Out of an abundance of caution, the Court directed the Clerk of Court to mail a copy of the July 15 Order to Mr. Mattingly's address. (Id.)

[3] Internal case citations and quotations are omitted unless otherwise indicated.

duration of the plaintiff's failure to comply with court orders, defendants' prejudice from further delay, the efficacy of lesser sanctions, and the balance between "alleviat[ing] court calendar congestion" and protecting the plaintiff's right to due process. Caussade v. United States, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (quoting Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009)). "'There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal,' but '[d]elays of several months' have been found sufficient." Farion v. Ezzo, 19 Civ. 5477 (LJL), 2020 WL 5578294, at *1 (S.D.N.Y. Sept. 17, 2020) (quoting Caussade, 293 F.R.D. at 629); see Dong v. United States, No. 02 Civ. 7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (finding that plaintiff's failure to respond for over two months was sufficient to justify dismissal).

While "pro se plaintiffs should be granted special leniency regarding procedural matters," Obot v. Comm'r, 254 F. App'x 57, 58 (2d Cir. 2007) (summary order), "even pro se litigants must prosecute claims diligently, and dismissal . . . is warranted where the court gives warning." Jean-Felix v. Great Lakes Higher Educ. Corp., No. 21 Civ. 6122 (ALC) (RWL), 2023 WL 3866764, at *1 (S.D.N.Y. May 3, 2023).

**B. Application**

Here, we respectfully recommend dismissal of Mr. Mattingly's claims. Mr. Mattingly, who consented to receiving electronic filing notifications via email (Dkt. No. 8), is "responsible for keeping apprised of the activity in h[is] case, and []he knew about that responsibility[.]" Hylton v. Hästens Beds, Inc., No. 19 Civ. 662 (VSB), 2025 WL 3535063, at *3 (S.D.N.Y. Dec. 10, 2025) (denying pro se plaintiff's motion to vacate dismissal for failure to prosecute where "[p]laintiff consent[ed] to [electronic] filing notifications and confirm[ed] she had regular access to her e-

mail account and internet"). Despite Mr. Mattingly's obligation to keep apprised of his case and despite five warnings from the Court informing him of the possibility of dismissal (Dkt. Nos. 7; 14; 19; 25; 28), Mr. Mattingly has failed to comply with multiple Court orders (see Dkt. Nos. 19; 25–26; 28), and has not communicated with the Court for three months. (See Dkt. Nos. 23; 25). See Toliver v. N.Y.C. Dept. of Corr., 607 F. App'x 109, 110 (2d Cir. 2015) (affirming dismissal where plaintiff "was clearly warned that failure to comply would result in dismissal") (summary order); Singelton v. City of New York, No. 14 Civ. 9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing action under Rule 41(b) where plaintiff had not communicated with the court or defendants in over two months).

## III. CONCLUSION

Accordingly, in light of Mr. Mattingly's non-compliance with this Court's Orders (Dkt. Nos. 19; 25–26; 28), we respectfully recommend that Mr. Mattingly's claims be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b). See Cabrera v. Brann, No. 21 Civ. 780 (JMF), 2021 WL 1549818, at *1 (S.D.N.Y. Apr. 20, 2021) (finding that, "given [the] Plaintiff's pro se status, . . . dismissal without prejudice is more appropriate than dismissal with prejudice").

The Clerk of Court is respectfully directed to mail a copy of this Report & Recommendation to Mr. Mattingly's address on the docket.

Dated: New York, New York
September 25, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**

* * *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Ho.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).